Chief JiisiloeHosEPTro:;,
do!ive''cd the opinion of the court.
Ibtvif. hied Ilia b it in chancery, in the Union circuit court, against the executor and executrix of Thomas James, deceased, alleging that they held his note for a part of the price of a slave, which he had purchased from their testator, and on which note, he apprehended, they would institute a suit against him, unless they should be enjoined by the chancellor. That the tebiaior practiced a fraud on him in the sale of the slave; and justly owed him, on other accounts.
The bill therefore prayed for a rescission of the con.' tract of sale, and for other relief, and in other forms.
The representatives were non-residents, and did not answer the bill, which was taken for confessed against them, on publication. Afterwards, they entered their appearance, and demurred to the bill.
The court having sustained the demurrer, and dismissed the bill, Davis appealed.
There can be no objection to the opening of the decree. The appellees had a right to open it.
The appellees had not attempted to enforce the note; they had brought no suit. If they had sued, and obtained judgment upon it, in the circuit court for Union, the chancellor might have entertained the bill for relief against the judgment, as there might have been no adequate remedy at law for the appellant, unless the ap-pellees could have been sued at law, in Kentucky.
But, as there had been r,o judgment, nor even suit, for enjoining which, Davis could appeal to the chancellor; and as the appellees were non-iesi dents, and were not: served with process personally, the chancellor had no jurisdiction. And if the appellees had never appeared, the decree, which had been rendered against them on constructive service, would have been ineffectual, for wantof jurisdiction. But this objection to the jurisdiction, may have been waived by their appearance.
Chancelló? will not rescind contract for chattel, unless party seeking resci-sión, has within reasonable time, ofíered to rescind and do justice, or show some satisfactory excuse for not having done so, or show that he will be remediless without a. ref-cisrou
Denny, for plaintiff
Although the appellees entered their appearance, the chancello ought notio have required an answer to the bill. It contains no equity.
1st. The allegation of fraud is insufficient. The facts, from which the fraud was inferred, are not disclosed, so as to authorize a decree oh that ground. It is not alleged that the vendor knew, that the slave was not such an one as he represented him to be.
2d. There is no allegation, which can transfer the jurisdiction from a court of law to chancery. The prayer for a rescission is the only thing in the bilk which could give the chancellor jurisdiction. But a sufficient foundation, for a decree rescinding the contract, is not kid in the bilk
The chancellor should not rescind a contract ibr a cha tile, unless the party seeking the rescission, had, in a reasonable time, ofíered to rescind and do justice, or had shown some satisfactory excuse, for not having done so, or bad made itappearthat without. arescission,he wonld be remediless; and even the latter ground for relief, would be unavailing, if the fault of the complaining party had alone deprived him of all resource, except a rescission of his contract.
In this case, the bill does not assign sufficient reasons^ for not proposing a rescission in proper time.
Wherefore, it results that the circuit court did not err in sustaining the demurrer, and dismissing the bill.
Davis can have no just cause for complaint. He is not remediless. If he shall ever be cued on his note, he may avail himself at a proper time, and in an appropriate manner, of the full benefit of any equity which" he mav have; and in the mean time,he may resort to a legal remedy for redress ibr any injury, which he may have sustained.
The decree of the circuit court 5r affirmed.